**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

HERBERT LEWIS *et al.*  PLAINTIFFS
#29486797

V.               NO: 2:10CV00131 BSM/HDY

T.C. OUTLAW *et al.*  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs Herbert Lewis, Derrick Denton, and Mark Evans, filed a *pro se* complaint on September 13, 2010 (docket entry #2). Evans's claims, and Denton's claims, have previously been dismissed at their request.[1]

On February 25, 2011, Defendants T.C. Outlaw, Norman, Willoughby, and Zewenski, filed a motion to dismiss, which contained in essence a brief in support (docket entry #23). Following an order notifying the parties that the Court would treat the motion as a motion for summary judgment, Defendants filed a statement of facts (docket entry #29). Plaintiff filed a response on March 17, 2011 (docket entry #31).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Because Herbert Lewis is the only remaining Plaintiff, "Plaintiff," as used herein, refers solely to Lewis.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, who is a former inmate at the Federal Correctional Institution in Forrest City ("FCI-FC"), Defendants subjected him to a dangerous living environment in July of 2010, when he was at FCI-FC, due to an issue he was having with his cellmate.[2] Defendants contend that Plaintiff's complaint should be dismissed due to his failure to exhaust his administrative remedies with respect to the claims he has raised in his complaint, and because they are entitled to qualified immunity.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).[3]

---

[2]After Plaintiff filed an amended complaint (docket entry #11), the Court dismissed all his claims except those relating to an alleged dangerous living environment (docket entries #13 & #33).

[3]*Nerness* is a 28 U.S.C. § 1983 case. Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

According to Defendants, Plaintiff submitted only two administrative remedy requests regarding the issues in this complaint. Defendants assert that both were improperly submitted to South Central Regional Office, were rejected, and Plaintiff was instructed to file the requests pursuant to regular procedures, but failed to do so. In support of their claims, Defendants have provided the declaration of Rebecca Edwards, the Bureau of Prisons's legal instruments examiner, who reviewed the records, and determined that Plaintiff failed to exhaust any remedy to the Central Office, which is the final level of appeal.

In response, Plaintiff has offered no evidence that he properly exhausted any administrative remedy with respect to the claims he has raised in this lawsuit. Plaintiff seems to suggest that he should be excused from the exhaustion requirement because he verbally notified the warden and assistant warden of his complaint, and submitted a remedy request to the regional office. However, Plaintiff has articulated no reason to cause the Court to believe that he could not follow the prison's administrative remedy process and properly exhaust his administrative remedies. Accordingly, Plaintiff's complaint must be dismissed for failure to exhaust his administrative remedies regarding the issues in the lawsuit, prior to its filing.

---

F.3d 1026, 1037 (8th Cir. 1997).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Defendants' motion for summary judgment (docket entry #23) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.	The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __21__ day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE